IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE RETANA-MENDOZA, | ) | |
| #11418-077, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0709-B |
| | ) | (3:05-CR-021-B(01)) |
| UNITED STATES OF AMERICA, | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court filed on April 8, 2008, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined at the Federal Correction Institution in Yazoo City, Mississippi. The court has not ordered the government to respond.

Statement of the Case: On February 15, 2005, Petitioner was indicted with a single count of illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2), to which he pled guilty pursuant to a plea agreement. *United States v. Retana-Mendoza,* 3:05-CR-021-B(01) (N.D. Tex., Dallas Div.). On August 5, 2005, the District Court entered judgment sentencing Movant to fifty-five months imprisonment pursuant to § 1326(b)(2), which permits enhancement

of a sentence based on a finding of a prior aggravated felony.[1]  The District Court also sentenced Movant to a three-year term of supervised release.  Movant appealed.  On February 24, 2006, the United States Court of Appeal for the Fifth Circuit affirmed his conviction and sentence.  *United States v. Retana-Mendoza,* No. 05-11010 (5th Cir.).

In the present § 2255 motion, filed on April 23, 2007, Movant raises one ground under the Fifth and Sixth Amendments.  He claims he was improperly sentenced under § 1326(b)(2) because his prior aggravated felony was not charged in the indictment, and he only pled guilty to illegal re-entry under § 1326(a).  He argues that the court's findings that he "had committed a crime of violence when [he] had not pled guilty to such an allegation is a finding of fact which increased [his] base maximum sentence[,] a denial of [his] right to a jury determination of such fact."  (§ 2255 Mot. at 5).

<u>Findings and Conclusions</u>:  Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Grounds previously litigated and rejected on direct appeal, cannot be re-urged in a post-conviction motion pursuant to 28 U.S.C. § 2255.  *United States v. Webster*, 421 F.3d 308, 310 n. 7 (5th Cir. 2005)(citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)), *cert. denied*, 127 S. Ct. 45 (2006); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

In his sole ground, Movant seeks to reiterate the claim he raised on direct appeal --

---

[1] Section 1326(a) provides that the maximum sentence shall be a fine and/or imprisonment up to two years.  Section 1326(b)(2) increases the maximum penalty to a fine and/or imprisonment up to twenty years if the removal of the defendant was preceded by a conviction for an aggravated felony.

2

namely that he could not be subject to a sentence of more than two years without pleading and proof of his prior conviction as though it were an element of his offense. In rejecting his claim, the Fifth Circuit held that the ground was foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).[2]

Although Movant does not rely on *Almendarez-Torres* in support of his § 2255 motion, his claim is similar for all purposes to the one he raised on direct appeal. Because a ground previously presented and rejected on direct appeal is not cognizable in a post-conviction proceeding, Movant's only ground for relief should be summarily dismissed.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court summarily dismiss the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Rule 4(b)

---

[2] In *Almendarez-Torres*, 523 U.S. at 226, the Supreme Court held that § 1326(b) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist." The Court explained that § 1326(b) "does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.* at 226-27.

Relying on *Almendarez-Torres*, the Fifth Circuit Court of Appeals has held that the district court does not have to inform a defendant who is pleading guilty to illegal reentry that the "aggravated felony" provision in § 1326(b)(2) is an essential element of his sentencing. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *abrogated on other grounds*, *United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004). In so ruling, the Fifth Circuit noted that the Supreme Court's decision in *Apprendi* had expressly declined to overrule *Almendarez-Torres* and, thus, that it had a duty to follow it. *Id.*; *see also United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005).

Most recently in *United States v. Pineda-Arrellano,* 492 F.3d 624, 625 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 872 (2008), the Fifth Circuit re-stated that under *Almendarez-Torres* a prior conviction under § 1326(b)(2) need not be treated as an element of the offense for Six Amendment purposes. The Court also stated that future arguments under *Almendarez-Torres* would be viewed with skepticism.

3

of the Rules Governing § 2255 Cases.

A copy of this recommendation will be mailed to Movant.

Signed this 23rd day of June, 2008.

                                      /s/ Wm. F. Sanderson, Jr.
                                      WM. F. SANDERSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.